# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RACHEL A. MADEARIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 08-0467-CV-W-FJG |
| KANSAS CITY ART INSTITUTE, | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion to Dismiss Plaintiff's Petition (Doc. No. 3); plaintiff's second motion for leave to amend the complaint (Doc. No. 27); plaintiff's third motion for leave to amend the complaint (Doc. No. 34); plaintiff's motion to withdraw second motion for leave to amend the complaint (Doc. No. 50); and plaintiff's motion to modify deadline to amend complaint (Doc. No. 52).

**I.  BACKGROUND**

Rachel Madearis ("Madearis") is a pro se plaintiff suing the Kansas City Art Institute ("KCAI") for alleged violations of various federal statutes, including the Rehabilitation Act Americans with Disabilities Act, and 42 U.S.C. §§ 1981 and 1983 (Doc. No. 1, Ex. 2, Plaintiff's Amended Petition). The action was originally filed in the Circuit Court of Jackson County, Missouri, and the plaintiff amended her petition while it was pending in state court. KCAI subsequently removed the amended petition from state court (Doc. No. 1), and on July 7, 2008, it moved to dismiss the complaint based on Rule 12(b)(6) (Doc. No. 3). Madearis contends that KCAI breached its attendance policy by not excusing her multiple absences that were due to her mental disability and incarceration. Further, she claims that

KCAI wrongfully refused to certify an amount of private loan money Madearis sought to borrow from a private lender.

Madearis has filed three motions for leave to amend her complaint to add new claims and new parties. The first motion for leave to amend was denied by this Court on September 24, 2008 (Doc. No. 40). Madearis has moved to withdraw her second motion for leave to amend, which is unopposed (Doc. No. 50). In her third motion to amend (Doc. No. 34), Madearis seeks to join the Kansas City Police Department ("KCPD") and Cohen-Esrey as defendants. Madearis filed her motion for leave to amend on September 15, 2008.

In her third motion to amend her complaint, Madearis seeks to assert a constitutional challenge of a state statute presumably regarding arrest procedures used by the KCPD. In addition to that challenge, Madearis alleges five claims. In the first claim of her proposed amended complaint, Madearis claims that KCAI violated the Americans with Disabilities Act ("ADA") for failing to accommodate her mental disability by failing to provide suitable housing or mental health facilities as well as for not excusing her attendances from classes. In her second claim, Madearis alleges that KCAI unlawfully refused to certify the amount of an educational loan to a private lender. In her third claim, Madearis claims that Cohen-Esrey conspired with KCAI to deny her housing in violation of § 1985. In her fourth claim, she claims that Cohen-Esrey and KCAI racially discriminated against her by denying her housing and certification of private loan money. Finally, in her fifth claim, Madearis alleges that the KCPD violated her right to due process and was subjected to an unreasonable seizure of her person and property, which consequently led to several class absences that KCAI did not excuse.

## II. LEGAL STANDARD

Under Rule 15(a), a party may amend its pleading by leave of court and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although leave to amend should be granted freely, the court may deny a motion for leave to amend if the amendment would be futile. See Stricker v. Union Planters Bank, 436 F.3d 875, 878 (8th Cir. 2006); City of Waukesha v. Viacom Int'l, Inc., 362 F.Supp.2d 1025, 1027 (E.D. Wis. 2005) (citing Foman v. Davis, 371 U.S. 178 (1962)). The court is required to liberally construe plaintiff's proposed amendment because she is proceeding pro se. Kaufmann v. Sheehan, 707 F.2d 355, 358 (8th Cir. 1983).

Under Rule 20(a), a person may be joined as an additional defendant if two requirements are met: (1) "any right to relief is asserted against them jointly, severally, or...with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

## III. DISCUSSION

Madearis moves this Court to allow her to amend her complaint to join new parties and add new claims. The Court will first address the timeliness of the motion to amend the complaint. Next, the Court will address whether joining new parties is appropriate in this case. Finally, the Court will decide whether Plaintiff should be permitted to add her new claims.

### A. TIMELINESS OF MOTION FOR LEAVE TO AMEND

3

Plaintiff filed her motion for leave to amend on September 15, 2008. Pursuant to the Scheduling Order (Doc. No. 31), the deadline for Plaintiff to file a motion to amend the complaint and join parties was September 12, 2008. Plaintiff filed a motion to extend the deadline to allow her to file her motion out of time (Doc. No. 53). Plaintiff indicates that she filed the motion shortly after the close of business on September 12, 2008 because she was unaware of the Court's business hours. Defendant responds that extension of this deadline will frustrate the scheduling order currently in place. The Court will allow plaintiff to file her motion for leave to amend; however, the parties should be mindful of the fact that this case should progress as efficiently as possible. All parties shall adhere to the Court's deadlines set forth in the scheduling order, and Plaintiff must make every effort to understand the protocol for court filings to ensure timely filings in the future.

Accordingly, the Court **GRANTS** plaintiff's motion to modify the deadline to file her motion to amend her complaint and to join parties; thus, Plaintiff's motion for leave to file an amended complaint is considered timely.

### B. JOINDER OF NEW PARTIES

#### 1. Cohen-Esrey

In order to allow joinder, Madearis must meet the requirements under Rule 20(a) as discussed above. In her proposed amended complaint, Madearis alleges that Cohen-Esrey conspired with KCAI to violate § 1985 by denying her housing. Co-conspirators are generally held "jointly and severally liable for damages caused by their conspiracy." Hobson v. Brennan, 646 F. Supp. 884, 893 (D.D.C. 1986) (holding that FBI agents were jointly and severally liable for violating protesters' civil rights according to general principles

4

of conspiracy and §1985). Therefore, Madearis's section 1985 claim satisfies the first requirement of Rule 20(a). As for the second requirement, the Court finds that a claim against KCAI and Cohen-Esrey for civil conspiracy will raise at least one common issue: whether a conspiracy existed between the two parties. Therefore, the Court finds that Rule 20(a) is satisfied and **GRANTS** plaintiff's motion to join Cohen-Esrey as a defendant.

### 2. KCPD

Madearis's claims against KCPD for improper seizure and a violation of her due process rights arise out of an arrest and incarceration that occurred during September 9 to 11, 2007. Madearis alleges that her arrest led to the bruising of her wrist and the seizure of her father's car. She further claims that her incarceration negatively impacted her attendance at KCAI during her fall semester in 2007, which contributed to her eventual withdrawal from classes for that semester.

The Court finds that Madearis cannot satisfy the joinder requirements under Rule 20(a). First, for the claims to arise out of the same transaction or occurrence, there must be some logical relation between the events that would entitle the plaintiff to relief. Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974); Miller v. Cottrell, Inc., No. 06-0141-CV-W-NKL, 2006 WL 1313367, at *4 (W.D. Mo. 2006). Madearis's claims against KCAI focus on racial and disability discrimination based on KCAI's failure to provide her adequate housing, excuse attendances, and certify private loan money. On the other hand, her claims against KCPD are related to an incident that occurred independently from the alleged discrimination, namely an arrest and subsequent incarceration. Even though Madearis alleges that some of her class absences were due to her incarceration, those

5

events in no way bear any logical relation as to the events underlying KCAI's alleged failure to accommodate the plaintiff's disability.

Even if the first requirement under Rule 20(a) was met, the second requirement is not satisfied. There must be a common question of law or fact between all the defendants. The issues concerning KCPD would involve whether the officers violated arrest procedures or improperly seized the plaintiff's person or property. In contrast, the legal and factual issues relating to her discrimination claims against KCAI and Cohen-Esrey would involve significantly different inquires regarding whether they discriminated against her based on her disability and race. Accordingly, since Madearis cannot satisfy the requirements under Rule 20(a), the Court **DENIES** the plaintiff's motion to join KCPD as a defendant to this action.

### B. ADDITION OF NEW CLAIMS

Insofar as Claims I and II refine Plaintiff's original claims in her first amended petition, the Court shall allow Plaintiff to include these claims in the amended complaint. As suggested above, Plaintiff shall not be permitted to join KCPD as a defendant or allege any claims against KCPD in her amended complaint, including Claim V. The remaining causes of action are Claims III and IV.

In Claim III, Madearis alleges that KCAI and Cohen-Esrey, the property manager of the Chequers Apartments, conspired to violate her civil rights in violation of § 1985 by denying her housing. And in Claim IV, Madearis alleges that KCAI's denial of housing accommodations and certification of financial aid loans had the effect of discriminating based on her race. Also, she alleges that Chequers Apartments racially discriminated

against her by denying her housing.  Madearis claims that white, handicapped students were offered housing accommodations while Madearis was denied the same accommodations because of her race and was coerced from requesting them.  While the Court is mindful of Plaintiff's numerous evolving theories of liability against defendants, the Court shall allow Plaintiff to include Claims III and IV in her amended complaint in order to resolve these related claims in one action.

In the Conclusion section of Plaintiff's proposed amended complaint, Plaintiff seeks to recover damages on behalf of family members and friends that were affected by the defendants' alleged actions against Plaintiff.  Also, although Plaintiff does not add a § 1981 cause of action as one of her claims, she alleges in her Conclusion that Defendants breached the social contract of the United States to provide Plaintiff an education, which infringed upon her right to "make and enforce" contracts regardless of race in violation of Section 1981.

A court need not grant leave to amend a complaint where the claim, if added, would be futile.  United States ex rel. Lee v. Fairview Health Sys., 413 F.3d 748, 749 (8th Cir. 2005).  There is no indication from the proposed complaint that Plaintiff would be able to recover any damages from the indirect harm suffered by her family members and friends as a result of Defendants' actions.  Similarly, Plaintiff does not cite to, and the Court is not aware of, any case law that establishes a cause of action under section 1981 based on Plaintiff's theory of liability.  Therefore, the addition of these claims in Plaintiff's amended complaint would be futile.

Accordingly, the Court **GRANTS** the plaintiff's motion to add Claims I, II, III, and IV

7

to her amended complaint. However, the Court **DENIES** plaintiff's motion to amend the complaint insofar as it seeks damages on behalf of family and friends, and to add a § 1981 claim.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** plaintiff's motion to modify deadline to amend complaint (Doc. No. 53) and plaintiff's motion to withdraw second motion to amend the complaint (Doc. No. 50). Further, the Court **GRANTS IN PART and DENIES IN PART** plaintiff's Motion to Amend Original Petition and Motion for Joinder of Parties (Doc. No. 34).

The plaintiff shall be **GRANTED IN PART** leave to amend her complaint, but only to:

1. Join Cohen-Esrey as a defendant; and
2. Include Claims I, II, III, and IV.

Plaintiff's third motion to amend her petition is **DENIED IN PART**, and accordingly, Plaintiff is to remove the following from her proposed amended complaint before filing anew:

1. Claim V against the Kansas City Police Department and any claim regarding the unconstitutionality of a statute or police practice regarding arrest procedures;
2. Any request for monetary damages or any other type of relief on behalf of Plaintiff's family members and friends; and
3. Any § 1981 claim or breach of contract claim based on the social contract of the United States to provide an education.

8

Plaintiff shall file her amended complaint conforming to the Court's instructions above on or before **Monday, November 17, 2008**.

The Court **DENIES AS MOOT** the following motions: defendant's Motion to Dismiss Plaintiff's Petition (Doc. No. 3) and plaintiff's second motion for leave to amend (Doc. No. 27).

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail, return-receipt to plaintiff at the following address: Rachel A. Madearis, Post Office Box 10115, Kansas City, MO 64171.

**IT IS SO ORDERED.**

Date: 11/03/08                         **/s/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                                 Chief United States District Judge